IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 22-cv-1456-MAB-SMY |
| vs. | ) ) ) |
| DEAN BUSH CONSTRUCTION CO., | ) ) |
| Defendant. | ) |

## ORDER AND JUDGMENT OF DEFAULT

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment (Doc. 10). Plaintiff filed the instant action against Defendant Dean Bush Construction Co. on July 8, 2022, alleging violations of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141, *et seq*. (Doc. 1). Defendant was served with a copy of the Summons and Complaint on July 19, 2022 (Doc. 6). However, Defendant failed to answer Plaintiff's Complaint or otherwise plead, and a Clerk's Entry of Default was made on August 11, 2022 (Doc. 8).

### Factual Background

Plaintiff makes the following allegations in the Complaint: Defendant is a party to collective bargaining agreements with Laborers' Local Union 773 and with Southern and Central Illinois Laborers' District Council (the "Local Union"). Defendant employed individuals who were members of the Local Union during the period October 2014 to August 2018. The collective bargaining agreements ("CBAs") require Defendant to provide Plaintiff with written

reports each month detailing hours of work performed and wages earned by its employees and the contributions and dues that are owed to Plaintiff.

Pursuant to the CBAs, delinquent employers are required to pay liquidated damages, interest, attorneys' fees, court costs and accounting costs. Plaintiff seeks unpaid contributions, liquidated damages, interest, attorneys' fees, and costs.

## Discussion

A defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). Whether to enter default judgment is within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations regarding the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). Thus, on default, the Court may conduct a hearing when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D).

Here, consistent with the allegations in the Complaint, Plaintiff seeks the following damages on default for the actual amount due and owing:

a. **$4,471.87** to the Pension Fund; and

   b. **$8,770.50** in attorneys' fees and costs.

The Court finds that the damages on default are ascertainable without the necessity of a hearing. Accordingly, Plaintiff's Motion is **GRANTED**; Default Judgment is entered in favor of Plaintiff and against Defendant.

   **IT IS SO ORDERED.**

   **DATED:  September 26, 2023**

                                      **STACI M. YANDLE**
                                      **United States District Judge**